Charles Archibald MCMILLAN, doing
business as Mack's Hack,
Plaintiff–Appellant,

v.

YELLOW CAB, of Wichita Falls and
Houston Texas Inc.; Jay W. Elston;
City of Wichita Falls Texas; Texas
Wichita County; Wichita County Dis-
trict Attorney, Defendants–Appellees.

No. 03–10058.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 2003.

Charles Archibald McMillan, Wichita
Falls, TX, for Plaintiff–Appellant.

Tom A. Dickens, Dickens & Associates,
Jay W. Elston, Law Office of Jay W. El-
ston, Houston, TX, Julia Maria Vasquez,
City Attorney's Office for the City of
Wichita Falls, Douglas L. Baker, District
Attorney's Office for the County of Wich-
ita, Wichita Falls, TX, for Defendants–
Appellees.

Before JONES, BENAVIDES, and
CLEMENT, Circuit Judges.

PER CURIAM.*

Charles Archibald McMillan, doing busi-
ness as Mack's Hack, appeals the dismissal
of his 42 U.S.C. § 1983 complaint for fail-
ure to state a claim. McMillan argues that
his claims were not barred by the statute
of limitations and that the district court
erred in dismissing his complaint.

McMillan does not challenge the magis-
trate judge's findings that his pleadings
were all nonsensical and that they failed to
state a cognizable cause of action. Al-
though *pro se* briefs are afforded liberal
construction, *see Haines v. Kerner,* 404
U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d
652 (1972), even *pro se* litigants must brief
arguments in order to preserve them. *Yo-
hey v. Collins,* 985 F.2d 222, 224–25 (5th
Cir.1993). Because McMillan does not ad-
dress the magistrate judge's dismissal of
his complaint for failure to state a claim,
he has abandoned this issue on appeal.

Even assuming, *arguendo,* that McMil-
lan stated a cognizable 42 U.S.C. § 1983
claim against the defendants, his claim is
prescribed. The actions underlying
McMillan's complaint began in the early
1980s and continued until sometime in

1986. Thus, McMillan had two years, until 1988, to file a timely 42 U.S.C. § 1983 complaint against the defendants for alleged violations of his civil rights. *See Owens v. Okure,* 488 U.S. 235, 250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (West 2003). McMillan has not demonstrated that he is entitled to equitable tolling of the limitations period. *See Holmes v. Texas A & M Univ.,* 145 F.3d 681, 684–85 (5th 1998); TEX. CIV. PRAC. & REM.CODE ANN. § 16.001 (West 2003). Therefore, McMillan's complaint, which was filed in February 2002, is barred by the statute of limitations. Because McMillan can "prove no set of facts in support of his claim which would entitle him to relief," the district court did not err in dismissing his complaint for failure to state a claim. *See Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284–85 (5th Cir.1993). Accordingly, the judgment of the district court is affirmed.

In connection with his appeal, McMillian has filed a motion for authorization to file an out-of-time reply brief. In light of the disposition of his appeal, McMillan's motion is denied.

AFFIRMED; MOTION DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.